```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 05-11525-WGY
                                )
                                )
$100,000 IN UNITED STATES       )
CURRENCY, MORE OR LESS          )
                                )
          Defendant.            )
```

**UNITED STATES' MOTION FOR ENTRY OF DEFAULT**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby requests that a default be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against $100,000 in United States Currency, more or less, and all persons, including Juan Quelis and Rafael Rodriguez claiming an interest in the defendant property for failure to file an answer or otherwise to defend, as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. The failure to submit a verified claim justifies the entry of default. See United States v. One-Sixth Share of James J. Bulger In All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40-41 (1st Cir. 2003) (failure to file a timely verified claim disqualifies putative claimant from participating in civil forfeiture action).

In support of this application, the United States submits the attached Affidavit.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/ JENNIFER H. ZACKS
    JENNIFER H. ZACKS
    Assistant U.S. Attorney
    1 Courthouse Way, Suite 9200
    Boston, MA  02210
    (617) 748-3100

Date: December 5, 2005


SO ORDERED AND ALLOWED

_____
WILLIAM G. YOUNG
United States District Judge

Date: _____

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion for Entry of Default, as well as the Affidavit in Support of Motion for Entry of Default, were served upon Attorney Ronald Ian Segal, 23 Central Avenue, Suite 605, Lynn, MA 01901 by first class mail, postage prepaid.

    /s/ JENNIFER H. ZACKS
    Jennifer H. Zacks
    Assistant U.S. Attorney

Date: December 5, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>    v.<br><br>$100,000 IN UNITED STATES<br>CURRENCY, MORE OR LESS<br><br>        Defendant. | )<br>)<br>)<br>)Civil Action No. 05-11525-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT IN SUPPORT OF MOTION**
**FOR ENTRY OF DEFAULT**

I, Jennifer H. Zacks, state under oath as follows:

1.   I am an Assistant United States Attorney.  I represent the plaintiff, the United States of America, in this case.  This is an action in rem for forfeiture of the defendant property, described as $100,000 in United States Currency, more or less, (the "Defendant Property").  Accordingly, this action is governed by the procedures set forth in the Federal Rules of Civil Procedure and in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.   As described in the Affidavit of United States Drug Enforcement Agency Special Agent Patrick Dorsey, filed with the Complaint in this case, the Defendant Property is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6), as the Defendant Property represents moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in

exchange for a controlled substance or listed chemical in violation Controlled Substances Act, Title 21, United States Code, Section 801 et seq. (the "Controlled Substance Act") proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substance Act.  On January 19, 2005 the Defendant Property was seized from a hidden compartment inside a vehicle driven by Juan Quelis on his way to a cocaine deal set up by DEA.  The deal was set up by Rafael Rodriguez.  DEA agents notified Massachusetts State Police and informed them about the $100,000 in the hidden compartment in the gray Ford Taurus.  Juan Quelis was pulled over and a search was performed on the vehicle and a drug detecting dog alerted the officer to the hidden compartment.  The Defendant Property was then seized.

    3.   The Complaint for Forfeiture in Rem was filed on or about July 19, 2005.

    4.   This Court issued a Warrant and Monition on or about July 22, 2005, directing the United States Marshal Service to give notice to all persons concerned that a Complaint in Rem had been filed, and to arrest and retain the Defendant Property in its custody.

    5.   Publication of the Complaint and Warrant and Monition was made in the Boston Herald on October 18, 2005, October 25, 2005, and November 1, 2005.  A copy of the process receipt and return for publication, executed by United States Marshal Service.

6.    Juan Quelis, from whom the Defendant Property was seized, was served with a certified copy of the Complaint and Warrant and Monition, by certified mail on October 11, 2005, at 80 Park Street, Apartment #4, Lynn, MA 01905.  A copy of the receipt and return for service was filed with this Court on November 10, 2005.  Juan Quelis did not file either a verified claim or answer to the Complaint.

7.    Rafael Rodriguez a/k/a Rafael E. Ferrand-Rodriguez, Eugenio Ferrand, Rafael E. Ferrand-Rodriguez, who set up the drug deal, was also served with a certified copy of the Complaint and Warrant and Monition, by certified mail on October 13, 2005 and October 14, 2005 at 1 Hilltop Drive, Beverly, MA 01915.  A copy of the receipt and return for service was filed with this Court on October 10, 2005.  Rafael Rodriguez did not file either a verified claim or answer to the Complaint.

8.    Under Supplemental Rule (C)(6), any person asserting an interest in the Defendant Property is required to file a claim within thirty (30) days after process has been executed and an answer within twenty (20) days after the filing of the claim.  The expiration date for filing a claim was December 1, 2005.

9.    To date, no claims to the Defendant Property or answers to the Complaint have been filed and the time for filing such claims and answers has expired.

10.   To the best of my knowledge, and upon information and belief, neither Juan Quelis or Rafael Rodriguez, nor anyone else

with an interest in the Defendant Property, is in the military service of the United States, is an infant, or is incompetent[1].

Signed under the pains and penalties of perjury this 5th day of December, 2005.

/s/JENNIFER H. ZACKS
Jennifer H. Zacks
Assistant U.S. Attorney

---

[1] The military verification was done on 11/29/05 with the Department of Defense Manpower Data Center. A military check on Rafael Rodriguez was not able to be completed due to inability to locate a social security number for him.